IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **KAELIN CRISS** | § § § § § § | |
| vs. | § § § § | **CASE NO. 6:22-cv-317-JCB-KNM** |
| **COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | § § § § § | |

# REPORT AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff filed the above-styled lawsuit seeking judicial review of the Commissioner's decision denying her application for Social Security benefits. Before the Court is a Motion for Award of Attorney Fees Under 406(b) of the Social Security Act (ECF 29). The Commissioner filed a response stating that he neither supports nor opposes the motion. ECF 32. The motion is referred for a recommended disposition. For the reasons below, the motion should be **GRANTED**.

## *Background*

The Court reversed the Commissioner's final decision and remanded this case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) of the Social Security Act. ECF 20. Plaintiff subsequently filed an Application for Attorney Fees Pursuant to the Equal Access to Justice Act ("EAJA"). The Court granted the motion and awarded $8,274.61 in fees. ECF 28.

On remand, the Social Security Administration issued a favorable ruling finding him disabled beginning in 2020 and awarding past-due benefits totaling $96,775.00. ECF 29-2

(Exhibit A). Movant, counsel for Plaintiff, filed the present motion seeking to recover fees for representation in this Court in the amount of $24,193.75. The Notice of Award letter dated October 19, 2025, notifies Plaintiff that the amount of $24,193.75—representing 25 percent of the awarded past-due benefits—was withheld for the payment of attorney's fees.

## Discussion

In this case, Movant seeks an award of attorney's fees pursuant to 42 U.S.C. § 406(b)(1). When a court renders a judgment favorable to a claimant who was represented by an attorney in a Social Security disability matter, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total for past-due benefits to which the claimant is entitled. 42 U.S.C. § 406(b)(1). The district court can only award fees for work performed before the district court, and not for any work performed at the administrative level. *Mudd v. Barnhart*, 418 F.3d 424, 427 (4th Cir. 2005); *Brown v. Sullivan*, 917 F.2d 189, 191 (5th Cir. 1990), abrogated on other grounds, *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S.Ct. 1817 (2002).

The ultimate issue is whether the award is reasonable. *See Gisbrecht*, 535 U.S. at 793; *Jeter v. Astrue*, 622 F.3d 371, 374 (5th Cir. 2010). This decision lies within the discretion of the court. *Gisbrecht*, 535 U.S. at 793; *Jeter*, 622 F.3d at 376. In making such determinations, the Supreme Court concluded that "§ 406(b) does not displace contingent-fee arrangements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 807. Courts, however, should consider certain factors in determining the reasonableness of a § 406(b) fee, including but not limited to: (1) the quality of the representation; (2) whether counsel was responsible for delay in the litigation while benefits accumulated during the case; or (3) whether the award is a "windfall" for counsel. *Gisbrecht*, 535

U.S. at 808; *Jeter*, 622 F.3d at 377. With regard to whether the award is a "windfall" for counsel, a district court may consider "lodestar" factors, but the court may not rely on them alone. *Jeter*, 622 F.3d at 380 ("[W]e conclude that courts may consider the lodestar in their analyses so long as the court can articulate additional factors demonstrating that the excessively high fee would result in an unearned advantage").

Movant asserts that he has a contingent fee agreement with Plaintiff for 25 percent of all past-due benefits awarded. The agreement is attached to the motion. ECF 29-4 (Exhibit C). Twenty-five percent of the amount awarded for past-due benefits in this case is $24,193.75. Movant seeks to recover the full 25 percent pursuant to § 406(b). Movant asserts that a total of 34.35 hours of attorney time were expended on the representation of Plaintiff in federal court. ECF 29- 6 (Exhibit E). Movant submitted documentation of the fee agreement, the notice of award and the time spent working on Plaintiff's federal lawsuit.

There is no showing that the requested amount is unreasonable, that there was an unreasonable delay in the litigation caused by Movant or that the requested award would be a "windfall" to Movant. In this case, Movant bore the risk of representing Plaintiff on a contingent fee basis and was ultimately successful in obtaining a substantial past-due payment for Plaintiff. The issues were fully briefed in this Court and resulted in an opinion on the merits reversing the Commissioner's decision and remanding the matter for further consideration. In the absence of any specific facts demonstrating that the requested fee amount is unearned, the average hourly rate does not provide a basis for finding that the requested fee is unreasonable.

For these reasons, the requested fee is reasonable. Movant must remit the previously awarded EAJA fees of $8,274.61 to Plaintiff upon receipt of the § 406(b) award.[1]

---

[1] "The court should award the entire § 406(b) amount, and the attorney must refund the lesser fee to the claimant." *McGraw v. Barnhart*, 450 F.3d 493, 497 n. 2 (10th Cir. 2006).

**RECOMMENDATION**

It is hereby **RECOMMENDED** that the Motion for Award of Attorney Fees Under 406(b) of the Social Security Act (ECF 29) be **GRANTED**. Movant should be awarded the sum of $24,193.75 to be paid out of Plaintiff Kaelin Criss's past-due benefits for representation before the Court in this matter. It is further

**ORDERED** that upon receipt of the $24,193.75 awarded above, Movant shall remit to Plaintiff the previously awarded EAJA fees in the amount of $8,274.61.

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b).

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 12th day of December, 2025.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE